UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SST FOUNDATION,

Plaintiff,

- against -

CREDIT SUISSE, SUISSE AMERICAN SECURITIES, INC. and NEW YORK STATE DEPARTMENT OF TAXATION,

Defendants.
-----------------------------------------------------------X

'07 CIV Civ. 4758

JUDGE SCHEINDLIN

**COMPLAINT**

RECEIVED JUN 05 2007 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff Hereby Demands A Jury Trial

Plaintiff, SST FOUNDATION ("SST") by its attorneys Schaeffer & Krongold, LLP, as and for its complaint against the Defendants, hereby allege as follows:

**PARTIES**

1. Plaintiff, SST, at all relevant times, is a foundation organized and existing under the laws of the principality of Liechtenstein.

2. Upon information and belief, Credit Suisse ("CS") is a banking organization organized under the laws of the Country of Switzerland, maintaining and having a place of business at 11 Madison Avenue, New York, NY 10010.

3. Upon information and belief, Suisse American Securities, Inc. ("SAS") is a banking organization organized under the laws of the State of New York, maintaining a principal office at 12 East 49th Street, New York, New York 10017, and is an affiliate or subsidiary of or related to CS.

4. Upon information and belief, the New York State Department of Taxation ("NYS") is an agency of the State of New York with offices at Building 9, W.A. Harriman Campus, Albany, New York 12227.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the controversy complained of pursuant to 28 U.S.C. § 1332, inasmuch as (i) that controversy is between citizens of a State and citizens or subjects of a foreign state and (ii) the amount in dispute exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

6. Venue properly lies in this Judicial District pursuant to 28 U.S.C. § 1391(a), as this is the District in which a substantial portion of the events giving rise to plaintiff's claims for relief occurred.

## THE UNDERLYING TRANSACTION

7. SST was formed in or about January 1977.

8. SST is what is commonly known as a trust, owning and maintaining assets consisting of various securities, stocks and bonds for the benefit of the income beneficiaries and remaindermen. Donald and Cecile Kalfin (the "Kalfins") are the income beneficiaries. SST retains the right, in its sole discretion, to make payments from time to time to the income beneficiaries, the Kalfins, of income or principal owned by SST.

9. SST opened a brokerage account with CS (the "CS Account") in Switzerland in or about the late 1970s for the purpose of holding, maintaining and servicing the assets and properties of SST. SST has maintained the CS Account through the present.

10. The SST securities held in the CS Account were purchased through various brokerage firms, including but not limited to Bear Sterns and HCFP Brenner.

11. As part of its service, CS issued monthly reports or statements to SST. The monthly reports for the period January 2, 2007 through February 28, 2007 (See Exhibit "A" hereto attached) reflects SST's ownership of numerous securities, including the securities that are the subject of this action, as set forth below.

a. Allied Capital Corp.;

b. Citigroup Capital VII 7.125 (INT) PFD;

c. Ford Motor Credit Co.;

d. HSBC Finance Corp. 6.360% Pfd.;

e. NFJ DVD Interest & PR Strat Fd;

f. Sovereign Cap Tr 7.750% Pfd.

The foregoing securities are hereafter referred to as the "Liquidated Securities."

12. At some time unknown to SST and without its knowledge or consent, CS transferred or caused to be held various securities belonging to SST, to SAS, including the Liquidated Securities. (See Exhibit "B")

13. Without the knowledge or consent of SST, the account opened at SAS by CS and SAS to hold SST securities was entitled, "Donald Kalfin, Rubric American Owner," and had Mr. Kalfin's social security number placed thereon. (See Exhibit "B." Only last four (4) digits shown. )

14. On or about February 6, 2007, NYS issued and served a levy (the "Levy") on SAS seeking payment of sums allegedly due NYS from the Kalfins in the amount of

Five Hundred Eleven Thousand Eight Hundred Eighty-Nine Dollars Eighty-One Cents ($511,889.81). A copy of the Levy is hereto attached as Exhibit "C."

15.    CS and SAS did not notify SST upon its receipt of the Levy.

16.    SST's first notification regarding the Levy was a fax from SAS to the offices of Schaeffer & Krongold, LLP, attorneys for SST, on or about February 20, 2007. (See Exhibit "D.")

17.    By the time the fax (Exhibit "D") was received by Schaeffer & Krongold, LLP, the Liquidated Securities had been liquidated and the proceeds thereof paid to NYS to satisfy the Levy against the Kalfins. The notices of settlement showing the sales of the Liquidated Securities are dated February 14, 2007, said notices are from CS and are entitled "Safekeeping acct in name SST Foundation Vaduz". See Exhibit "E."

18.    On or about February 20, 2007, SAS was advised that the Kalfins, the subject of the Levy, never had an account with SAS or CS and that the Liquidated Securities are and always have been the property of SST.

19.    On or about March 2, 2007, a demand was made upon SAS for an explanation for the sale of the Liquidated Securities to satisfy the Levy and a return of the proceeds of the Liquidated Securities. The demand enclosed documentation, including the purchase receipts for the Liquidated Securities from Bear Sterns and HCFP Brenner with the matching CUSIP numbers that unequivocally proved that the Liquidated Securities had been purchased by and were the sole property of SST. (See Exhibit "F.")

20.    To date, SAS not repaid to SST the value of the Liquidated Securities.

21.    On or about March 5, 2007, a demand was sent to the NYS Department of Taxation and Finance requesting it return the proceeds of the Liquidated Securities, NYS

was provided with the same information and documentation set forth in Exhibit "F". NYS has never denied that the Liquidated Securities were the property of SST nor has it to SST the proceeds of the Liquidated Securities with possession.

22. The Liquidated Securities are and always were the property of SST.

23. CS failed and/or was negligent and/or breached its agreement, duties and/or obligations by transferring and/or opening and/or directing the opening of an account at SAS containing assets of SST in the name of Donald Kalfin.

24. SAS failed and/or was negligent in performance of its duties in the opening up an account in the name of a "Donald Kalfin" containing the property of SST and by selling the Liquidated Securities and transferring the proceeds thereof to the NYS tax authorities without determining the correct ownership of the Liquidated Securities.

25. NYS is obligated to return the proceeds resulting from the sale of the Liquidated Securities, as they were owned by SST and not the Kalfins.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST SAS AND CS**
**(Breach of Contract)**

26. Plaintiff repeats, realleges and reiterates each and every allegation stated above as if set forth at length herein.

27. SST opened the CS Account in or about the late 1970s. SST has maintained that account until and through the present. The CS Account has held securities purchased and owned by SST.

28. On a date unknown to Plaintiff, CS together with SAS opened an account at SAS in the name of "Donald Kalfin, Rubric American Owner," which held the Liquidated Securities belonging to SST, all without the knowledge and consent of SST.

SAS and/or CS authorized and/or permitted the sale of the Liquidated Securities and delivered the proceeds thereof to NYS to satisfy the Levy against the Kalfins.

29. CS and SAS knew or should have known that the Liquidated Securities are and always were the property of SAS and should not have been sold nor the proceeds delivered to NYS to satisfy the Levy against the Kalfins.

30. Defendants SAS and CS have refused to reimburse SST for the value of the Liquidated Securities wrongly liquidated by Defendants SAS and CS.

31. By reason of the foregoing, Plaintiff has sustained damages in an amount to be determined but not less then Seven Hundred Thousand ($700,000.00) Dollars.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST SAS AND CS**
**(Conversion)**

32. Plaintiff repeats, realleges and reiterates each and every allegation stated above as if set forth at length herein.

33. SAS and CS liquidated Securities owned by SST without notification or consent of SST and turned over the proceeds thereof to NYS in response to a Levy issued by NYS on the Kalfins who were neither account holders nor the owners of the Liquidated Securities.

34. SAS had no right or authority to sell and transfer the proceeds of the Liquidated Securities owned by SST.

35. SAS and CS's sale of the Liquidated Securities owned by SST and transfer of the proceeds thereof to NYS constitutes a conversion of Plaintiff's assets.

36. By reason of the foregoing the Defendants CS and SAS have breached the parties' agreement, causing Plaintiff to sustain damages in an amount to be determined but not less then Seven Hundred Thousand ($700,000.00) Dollars.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST SAS AND CS**
**(Negligence)**

37. Plaintiff repeats, realleges and reiterates each and every allegation stated above as if set forth at length herein.

38. SAS and CS owed a duty to Plaintiff to protect and preserve the assets of SST with reasonable care and due diligence and knew or should have known that the Liquidated Securities were the sole property of SST.

39. SAS and CS were negligent in the performance of that duty by selling and transferring the proceeds of the Liquidated Securities to NYS.

40. By reason of the foregoing, the Defendants CS and SAS have breached the parties' Agreement, causing Plaintiff to sustain damages in an amount to be determined but not less then Seven Hundred Thousand ($700,000.00) Dollars.

41. SAS and CS's breach of their duty to Plaintiff caused Plaintiff to suffer damages in an amount to be determined but not less then Seven Hundred Thousand ($700,000.00) Dollars.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST NYS**
**(Unjust Enrichment)**

42. Plaintiff repeats, realleges and reiterates each and every allegation stated above as if set forth at length herein.

43. On or about February 6, 2007, NYS issued and served a levy (the "Levy") on SAS in the amount of Five Hundred Eleven Thousand Eight Hundred Eighty-Nine Dollars ($511,889.81) and Eighty-One Cents against the Kalfins.

44. The Kalfins, the subject parties of the Levy, never had an account with SAS or CS and the Liquidated Securities and the proceeds thereof are and always have been the property of SST.

45. NYS has no right or claim to hold or retain possession of the proceeds of the Liquidated Securities and has refused and continues to refuse to deliver same to the SST, despite demand, without just cause or reason.

46. By reason of the foregoing and as a result of the Defendant, NYS' wrongful retention of the proceeds of the Liquidated Securities of SST, Plaintiff has been damaged in an amount to be determined but not less then Seven Hundred Thousand ($700,000.00) Dollars.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

(i) Upon Plaintiff's first cause of action, in an amount to be determined but not less then Seven Hundred Thousand ($700,000.00) Dollars;

(ii) Upon Plaintiff's second cause of action, in an amount to be determined but not less then Seven Hundred Thousand ($700,000.00) Dollars;

(iii) Upon Plaintiff's third cause of action, in an amount to be determined but not less then Seven Hundred Thousand ($700,000.00) Dollars;

(iv) Upon Plaintiff's fourth cause of action, in an amount to be determined but not less then Seven Hundred Thousand ($700,000.00) Dollars;

(v)    Plaintiff's attorneys fees, costs and disbursements in this

action; and

(vi)    Such other and further relief as this Court deems just and

proper under the circumstances.

Dated: New York, New York
      May 31, 2007

               Elliot L. Schaeffer (ELS – 4647)
               SCHAEFFER & KRONGOD LLP
               Attorneys for Plaintiff
               450 Seventh Avenue, Suite 1400
               New York, New York 10123
               (212) 279-3467

**Exhibit A**



CREDIT SUISSE

CREDIT SUISSE
CH-5001 Aarau (0003)
Your adviser Maurizio Spitaler, Tel. 062 836 32 81
Clearing No. 4835 / BIC CRESCHZZ50A

Private Banking

SRNE1DB
CH-8070 Zürich

SST Foundation
Vaduz

February 1st, 2007

**Extract of account 01.01.2007 to 31.01.2007**

SRNE1DB
Sheet 1/2



**Statement of investments**
as per 31.01.2007
Valuation currency: USD

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Liquidity** | | | | | | | | | |
| **Total liquidity** | | | | | | | | | |
| **Bonds & similar** | | | | | | | | | |
| **Bonds & similar** | | **USD / Bonds** | | | | | | | |
| USD | 100,000 | 7 1/2 % CONTINUOUSLY OFFERED BONDS FOR RETAIL ACCOUNTS FORD MOTOR CREDIT CO 2005-20 10.08 TRANCHE 587<br>Redemption possible as per 20.03.2007<br>interest due date 20.03.2007 quarterly | 2245126<br>US34539CB431 | 7.91%<br>9.67% | 99.70% PA<br>95.30% | 26.01.2007 | 99,700<br>863 | 6.93% | 4.53%<br>- 5.20% |

# Statement of investments

as per 31.01.2007
Valuation currency: USD

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Equities & similar** | **United States of America** | | | | | | | |
| 4,000 | SHS ALLIED CAPITAL CORP | 698379<br>US01903Q1085 | USD<br>USD | 28.86 PA<br>29.97 | 31.01.2007 | 115,440 | 7.95% | -3.70%<br>5.20% |
| 2,000 | 7 1/8 % CAPITAL SECS TRUPS CITIGROUP CAPITAL TRUST VII USD 25 2001 31 7 31 BASED ON 7 125% JR SUB DEBS 31 CITIGROUP | 1266646<br>US17306N2036 | USD<br>USD | 25.42 PA<br>25.33 | 31.01.2007 | 50,840 | 3.50% | 0.36%<br>1.89% |
| 4,500 | SHS OF BENEF INTEREST NFJ DIVIDEND INTEREST & PREMIUM STRATEGY FUND | 2079780<br>US65337H1095 | USD<br>USD | 25.87 PA<br>21.70 | 31.01.2007 | 116,415 | 8.02% | 19.22%<br>-5.20% |
| 6,000 | DEPOSIT SHS HSBC FINANCE CORP USD 25 REPR 1/40TH 6 36% RFD NON-CUM PFD SHS SER -B- | 2194868<br>US40429C6075 | USD<br>USD | 26.14 PA<br>24.88 | 31.01.2007 | 156,840 | 10.81% | 5.06%<br>-5.20% |
| 2,000 | 7 3/4 % CAPITAL SECS SOVEREIGN CAPITAL TRUST V 2006-22.5.36 BASED ON 7.75% JR SUBORD DEB 36 SOVERGN BANCORP | 2570868<br>US84604V2043 | USD<br>USD | 26.95 PA<br>24.95 | 31.01.2007 | 53,900 | 3.71% | 8.02%<br>3.42% |
| **Total equities & similar** | **United States of America** | | | | | | | |

CREDIT SUISSE

CREDIT SUISSE
CH-5001 Aarau (0003)
Your adviser: Maurizio Spitalen, Tel. 062 636 32 81
Clearing No.: 4835 / BIC: CRESCHZZ50A

Private Banking

SRNE1DB
CH-8070 Zürich

SST Foundation
Vaduz

A

March 1st, 2007

**Extract of account 01.02.2007 to 28.02.2007**

SRNE1DB
Sheet 1/2

# Statement of investments

as per 28.02.2007
Valuation currency: USD

| Nominal / Amount | Description | Sec. no.<br>ISIN | Yield MP<br>Yield CP | | Price<br>Av. purchase price<br>Forex purchase price | Price date | Market value USD<br>Accrued interest | Prop. | unreal. P/L<br>P/L forex<br>P/L total |
|---|---|---|---|---|---|---|---|---|---|
| 2,000 | 7 3/4 % CAPITAL SECS SOVEREIGN CAPITAL TRUST V 2006-22.5.36 BASED ON 7.75% JR SUBORD DEB 36 SOVERGN BANCORP | 2570808<br>US84604V2043 | | USD<br>USD | 26.65 PA<br>24.95 | 28.02.2007 | 53,300 | 5.69% | 6.81%<br>1.21% |

Exhibit B

SWISS AMERICAN SECURITIES INC.
A CREDIT SUISSE GROUP COMPANY

12 East 49th Street
New York, NY 10017
USA

Phone +1 (212) 612-8700
www.sasiny.com

PAGE 1

9750223 2270

DONALD KALFEN
BENEFIC AMERICAN OWNER
PARADEPLATZ 8
ZURICH, SWITZERLAND 8070
SWITZERLAND

************** SOURCE OF DIVIDENDS AND DISTRIBUTIONS ON YOUR 2006 1099 *********

| CUSIP | DESCRIPTION | ORD DIV | CAP GAIN | QLFD |
|---|---|---|---|---|
| 01903Q108 | ALLIED CAPITAL CORP /NEW/ | 9800.00 | .00 | 980 |
| 6F327H10? | ?FJ DVD INTEREST & PR STRAT FD | 9787.50 | .00 | 978 |
| | TOTAL | 19587.50 | .00 | 1958 |
| | GROSS DIVIDENDS AND DISTRIBUTIONS | 19587.50 | | |

********************* SOURCE OF BOND INTEREST INCOME ON YOUR 2006 1099 *********

| CUSIP | DESCRIPTION | AMOUNT | USGVT INC | TY |
|---|---|---|---|---|
| 17306N203 | CITIGROUP CAPITAL VII 7.125(INT) PFD | 2671.86 | .00 | STATED |
| 33889V207 | FLEET CAPITAL TR VII 7.2 % (INT) PFD | 1939.93 | .00 | STATED |
| 345397CB3 | FORD MOTOR CREDIT CO 7.500 10/20/05 | 7500.00 | .00 | STATED |
| 40429C607 | HSBC FINANCE CORP 6.360% PFD | 9540.00 | .00 | STATED |
| 846042204 | SOVEREIGN CAP TR 7.750% PFD | 1862.14 | .00 | STATED |
| | TOTAL | 23513.93 | .00 | |

************ DETAIL OF SALES PROCEEDS-BOXES 1B & 1D OF YOUR 2006 1099 *********

| CUSIP | DESCRIPTION/SHARES | PROCEEDS | TAX W/H | REF NO | TRA |
|---|---|---|---|---|---|
| 33889V207 | FLEET CAPITAL TR VII 7.2 % (INT) PFD REDEMPTION 2,000 COMMON | 50000.00 | .00 | 9516311 | 09, |
| | AGGREGATE GROSS SALES PROCEEDS | 50000.00 | .00 | | |

Exhibit C

 New York State Department of
Taxation and Finance
Tax Compliance Division/ CAT unit
Bldg. 8. Room 400
State Campus. Albany, NY 12227

February 6. 2007

Swiss American Securities Inc.
12 East 49th St
New York. NY 10017

Re: NYS Tax levy against Donald Kalfin and Cecile Kalfin
ID:
Levy Amount: $511,809.81

Dear Sir/Madam:

Pursuant to New York State Tax Law, a levy served upon a garnishee acts as a restraint against any and all assets owed to the Judgment Debtor. Pursuant to your recent correspondence, I was made aware of the fact that you are holding assets for the above named Judgment Debtor. These assets should be liquidated in alphabetical order and transferred immediately to New York State.

The check should be made payable to the Commissioner of Taxation and Finance and sent to my attention at the address above.

I have enclosed for your convenience, a copy of the warrant upon which the levy is based. If you should need any additional information to process this request, you can contact me at (518) 485-7892.
Thank you for your assistance in this matter.

Jeffrey Kuhn
Tax Compliance Agent II

Enc: Copy of warrant, postage paid envelope.



New York State Department of
Taxation and Finance
Tax Compliance Division-CO-ATC
P O Box 5149
Albany NY 12205-5149

# Warrant

**Commissioner of Taxation and Finance** — Judgment Creditor

against

Judgment Debtor / Last Known Address:

DONALD KALFIN
AND/OR
CECILE KALFIN
PO 342
EAST HAMPTON, NY 11937-0342

**Warrant ID:** E-009485710-W009-6

**County of Judgment:** SUFFOLK

**Article of Tax Law:** 22

**The people of the state of New York to:** D KELLY
an officer or employee of the Department of Taxation and Finance: **Whereas,** a tax has been found due to the Commissioner of Taxation and Finance of the **state of New York** imposed by the above noted Article of Tax Law from the debtor named, the nature and amount of which, together with the interest and penalties thereon, are as follows:

| Assessment ID | Period Ending | Tax | Penalty | Interest | Assessment Total |
|---|---|---|---|---|---|
| L-014465107-7 | 12/31/92 | $ 2,809.00 | $ 959.29 | $ 1,548.66 | $ 5,316.95 |
| | | | | Total amount due ➡ | $ 5,316.95 |

**And whereas,** said tax, interest and penalties now remain wholly unpaid;

**Now therefore, we command you** to file a copy of this warrant within five days after its receipt by you in the office of the clerk of the county named above, for entry by him in the judgment docket, pursuant to the provisions of the Tax Law.

**And we further command you,** that you satisfy said claim of said **Commissioner of Taxation and Finance** for said tax with penalties and interest out of the real and personal property in said county belonging to said debtor and the debts due to him at the time when said copy of this warrant is so docketed in the office of the clerk of such county or at any time thereafter; and that only the property in which said debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; and return this warrant and pay the money collected, to the Commissioner of Taxation and Finance of the state of New York.

**Levy and collect** total amount due shown above plus accrued interest and any additional penalties provided by law

Current interest rate 6.00 % per year on $5,316.95 from JANUARY 28, 1999
The interest rate may vary according to the Tax Law.

**Warrant** received at 9 o'clock A.M. on

DOCKETED DATE: 02/24/99

Issued By ______________________ for the Commissioner of Taxation and Finance
Deputy Tax Commissioner

DTF-977 (7/95)



New York State Department of
**Taxation and Finance**
Tax Compliance Division-CO-ATC
P O Box 5149
Albany NY 12205-5149

# Warrant

**Commissioner of Taxation and Finance** — Judgment Creditor

against

DONALD KALFIN
AND/OR
CECILEKALFIN
PO BOX 342
E HAMPTON, NY 11937-0342

Judgment Debtor

Last Known Address

Warrant ID:
E-009485710-W002-5

County of Judgment:
SUFFOLK

Article of Tax Law:
22

**The people of the state of New York to:** M KALLIR
an officer or employee of the Department of Taxation and Finance: **Whereas**, a tax has been found due to the Commissioner of Taxation and Finance of the **state of New York** imposed by the above noted Article of Tax Law from the debtor named, the nature and amount of which, together with the interest and penalties thereon are as follows:

| Assessment ID | Period Ending | Tax | Penalty | Interest | Assessment Total |
|---|---|---|---|---|---|
| L-009485709-9 | 12/31/80 | $ 59,882.00 | $ 0.00 | $ 137,560.19 | $ 197,442.19 |
| L-000719212-1 | 12/31/82 | 8,382.00 | 0.00 | 13,860.25 | 22,242.25 |
| | | | | **Total amount due** | $ 219,684.44 |

**And whereas**, said tax, interest and penalties now remain wholly unpaid;

**Now therefore, we command you** to file a copy of this warrant within five days after its receipt by you in the office of the clerk of the county named above, for entry by him in the judgment docket, pursuant to the provisions of the Tax Law.

**And we further command you**, that you satisfy said claim of said **Commissioner of Taxation and Finance** for said tax with penalties and interest out of the real and personal property in said county belonging to said debtor and the debts due to him at the time when said copy of this warrant is so docketed in the office of the clerk of such county or at any time thereafter; and that only the property in which said debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; and return this warrant and pay the money collected, to the Commissioner of Taxation and Finance of the state of New York.

**Levy and collect** total amount due shown above plus accrued interest and any additional penalties provided by law.

Current interest rate 9.00 % per year on $219,684.44 from MAY 12, 1995
The interest rate may vary according to the Tax Law.

**Warrant** received at 9 o'clock A.M. on

DOCKETED DATE: 05/18/95

Issued By ______________________________ for the Commissioner of Taxation and Finance
Deputy Tax Commissioner

DTF-977 (7/95)

FEB-20-2007 09:40 SUISS AMERICAN SEC. P.04/05



TOTAL P.05

New York State Department of
**Taxation and Finance**
Tax Compliance Division-CO-ATC
P O Box 5149
Albany NY 12205-5149

# Warrant

**Commissioner of Taxation and Finance** — Judgment Creditor

against

Judgment Debtor Last Known Address

DONALD KALFIN
PO BOX 342
E HAMPTON, NY 11937-0342

E HAMPTON, NY 11937-0342

**Warrant ID:** E-009485710-W001-1

**County of Judgment:** SUFFOLK

**Article of Tax Law:** 22

**The people of the state of New York to:** M KALLIR
an officer or employee of the Department of Taxation and Finance: **Whereas**, a tax has been found due to the Commissioner of Taxation and Finance of the **state of New York** imposed by the above noted Article of Tax Law from the debtor named, the nature and amount of which, together with the interest and penalties thereon, are as follows:

| Assessment ID | Period Ending | Tax | Penalty | Interest | Assessment Total |
|---|---|---|---|---|---|
| L-009485710-9 | 12/31/78 | $ 9,290.00 | $ 0.00 | $ 101,817.04 | $ 111,107.04 |
| | | | | **Total amount due** ➔ | $ 111,107.04 |

**And whereas,** said tax, interest and penalties now remain wholly unpaid;

**Now therefore, we command you** to file a copy of this warrant within five days after its receipt by you in the office of the clerk of the county named above, for entry by him in the judgment docket, pursuant to the provisions of the Tax Law.

**And we further command you,** that you satisfy said claim of said **Commissioner of Taxation and Finance** for said tax with penalties and interest out of the real and personal property in said county belonging to said debtor and the debts due to him at the time when said copy of this warrant is so docketed in the office of the clerk of such county or at any time thereafter; and that only the property in which said debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; and return this warrant and pay the money collected, to the Commissioner of Taxation and Finance of the state of New York.

**Levy and collect** total amount due shown above plus accrued interest and any additional penalties provided by law.

Current interest rate 9.00 % per year on $111,107.04 from MAY 12, 1995
The interest rate may vary according to the Tax Law.

**Warrant** received at 9 o'clock A.M. on

DOCKETED DATE: 05/18/95

Issued By ______________________ for the Commissioner of Taxation and Finance
Deputy Tax Commissioner

DTF-977 (7/95)

P.05/05 SUISS AMERICAN SEC. FEB-20-2007 09:40

**Exhibit D**

Swiss American Securities Inc.
12 East 49th Street
New York, NY 10017

# facsimile transmittal

| | | | |
|---|---|---|---|
| **To:** | Jeffrey Krongold, Esq. | **Fax:** | 212-695-3575 |
| **From:** | Adam Rezak<br>212-612-8752 | **Date:** | 2/20/07 |
| **Re:** | Tax Levy | **Pages:** | 5 |

☐ **Urgent** ☐ **For Review** ☐ **Please Comment** ☐ **Please Reply** ☐ **Please Recycle**

Annexed are copies of the warrants and NYS tax levy. The social security numbers have been deleted from the tax levy.

Exhibit E

CREDIT SUISSE

CREDIT SUISSE
5001 Aarau
Your advisor Mr Maurizio Soltaier Tel. 062 835 32 81

Private Banking

**Safekeep no. 0003- 143607-65-2**
**SAFEKEEPING ACCOUNT**
**QI-Account**
Safekeeping acct in name SST Foundation
Vaduz

Herr
Fredy J. Klaus
Kreuzackerstrasse 24

5012 Schönenwerd

A

Credit
Order no. C1SX-20070222-70 00052

22.02.2007
Page 1/1

## Securities settlement advice your sale

Place : NYSE SE
Date 14.02.2007

**-4,000-**
**SHS ALLIED CAPITAL CORP**
Security 698379 US01903Q1085
With: Swiss American Securities Inc. New York (DST 7050)
CS ZH RUB.AM OWNER DONALD KALFIN
Securities ex Safekeeping Account
SWIFT ref 9G1X62

| | | |
|---|---|---|
| at the rate of USD | | 30 15 |
| Market value | USD | 120,500 00 |
| Swiss/foreign commission | USD | 2,050.20 |
| Charges and fees abroad | USD | 7.71 |
| Federal turnover tax | USD | 180.90 |
| **To the credit of Account 0003- 143607-62** Value 20.02.2007 | **USD** | **118,361.19** |

IBAN CH95 0483 5014 3607 6200 0

ZWANGSVERKAUF IRS

We thank you for your order.

Yours sincerely
CREDIT SUISSE
Form without signature

S8565P02173 00013799 00004/00005 5B1 00029495 B



CREDIT SUISSE

CREDIT SUISSE
5001 Aarau
Your advisor Mr Maurizio Spitaleri Tel. 062 836 32 81

Private Banking

**Safekeep no. 0003- 143607-65-2**
**SAFEKEEPING ACCOUNT**
**QI-Account**
Safekeeping acct in name SST Foundation
Vaduz

Herr
Fredy J. Klaus
Kreuzackerstrasse 24

5012 Schönenwerd

Credit
Order no. CTSX 20070222-70-00054

## Securities settlement advice your sale

22.02.2007
Page 1/1

Place : NYSE SE
Date : 14.02.2007

-2,000-
**7 1/8 % CAPITAL SECS TRUPS CITIGROUP CAPITAL**
TRUST VII USD 25 2001-31.7.31 BASED ON 7.125%
JR SUB DEBS 31 CITIGROUP
Security 1268646 US17306N2036
With Swiss American Securities Inc, New York (DS1: 7050)
SST TRUST AM OWNER DONALD KALFEN
Securities ex Safekeeping Account
SIW ref: SO VVR

at the rate of USD 25.06

| | | |
|---|---|---|
| Market value | USD | 50,120.00 |
| ./. Swiss/foreign commission | USD | 902.16 |
| ./. Charges and fees abroad | USD | 5.54 |
| ./. Federal turnover tax | USD | 75.20 |

**To the credit of**
**Account 0003- 143607-62** Value 20.02.2007
IBAN CH95 0483 5014 3607 6200 0

**USD 49,137.10**

ZWANGSVERKAUF IRS

We thank you for your order

Yours sincerely
CREDIT SUISSE
Form without signature



CREDIT SUISSE

CREDIT SUISSE
5001 Aarau
Your advisor Mr Maurizio Spitaleri Tel. 062 836 32 81

Private Banking

**Safekeep no. 0003- 143607-65-2**
**SAFEKEEPING ACCOUNT**
**QI-Account**
Safekeeping acct in name SST Foundation
Vaduz

A Prioritaire | P.P. SRNE1DB CH-8070 Zürich

Herr
Fredy J. Klaus
Kreuzackerstrasse 24

5012 Schönenwerd

Credit
Order no. C1SX-20070222-70 30060

## Securities settlement advice your sale

22.02.2007
Page 1/1

Date : 14.02.2007

**USD 100,000**
**7 1/2 % CONTINUOUSLY OFFERED BONDS FOR RETAIL**
ACCOUNTS FORD MOTOR CREDIT CO 2005-20.10.08
TRANCHE 587
Security 2245126 US34539CB431
With: Swiss American Securities Inc., New York (DST: 7050)
CS ZH RJB AM OWNER DONALD KALFIN
Securities ex Safekeeping Account
SLW ref: GOIZ3T

at the rate of 100.25 %

| | | |
|---|---|---|
| Market value | USD | 100,250.00 |
| Interest 20.12.2006 until 20.02.2007 60 days | USD | 1,250.00 |
| | USD | 101,500.00 |
| ./. Swiss/foreign commission | USD | 1,319.50 |
| ./. Federal turnover tax | USD | 152.28 |
| **To the credit of** Account 0003- 143607-62 Value 20.02.2007 IBAN CH95 0483 5014 3607 6200 0 | **USD** | **100,028.22** |

ZWANGSVERKAUF IRS

We thank you for your order

Yours sincerely
CREDIT SUISSE
Form without signature

WI01

S8565P02173 00013799 00001/00005 5B1 00029492 B



CREDIT SUISSE

CREDIT SUISSE
5001 Aarau
Your advisor Mr Maurizio Spitalen Tel 062 836 32 81

Private Banking

**Safekeep no. 0003- 143607-65-2**
**SAFEKEEPING ACCOUNT**
**QI-Account**
Safekeeping acct in name SST Foundation
Vaduz

Herr
Fredy J. Klaus
Kreuzackerstrasse 24

5012 Schönenwerd

Credit
Order no C1SX-20070222-70-00058

22.02.2007
Page 1/1

## Securities settlement advice your sale

Place NYSE SE
Date 14.02.2007

| | | |
|---|---|---|
| **-6,000-** | at the rate of | |
| **DEPOSIT SHS HSBC FINANCE CORP USD 25 REPR 1/** | USD | 26.234 |
| 40TH 6.36% RED NON-CUM PFD SHS SER -B- | | |
| Security 2194868 US40429C6075 | | |
| With Swiss American Securities Inc, New York (DST. 7050) | | |
| US ZH RLB AM.OWNER DONALD KALFIN | | |
| Securities ex Safekeeping Account | | |
| SEW ref. 50 YV | | |
| Market value | USD | 157,404.00 |
| ./. Swiss/foreign commission | USD | 2,518.46 |
| ./. Charges and fees abroad | USD | 8.84 |
| ./. Federal turnover tax | USD | 236.13 |
| **To the credit of** | | |
| **Account 0003-143607-62** Value 20.02.2007 | **USD** | **154,640.57** |
| IBAN CH95 0483 5014 3607 6200 0 | | |

ZWANGSVERKAUF IRS

We thank you for your order.

Yours sincerely

CREDIT SUISSE

Form without signature

 

Exhibit F

## SST FOUNDATION ACCOUNT COMPARISIONS

| | HCFP Brenner/ Bear Sterns Purchase Confirmations* | | | Credit Suisse Statement as of 1/31/2007 | | Swiss American Liquidation Letter | |
|---|---|---|---|---|---|---|---|
| **Security/Bond** | **Settlement Date** | **CUSIP** | **# Shares/ Face Value** | **CUSIP** | **# Shares/ Face Value** | **CUSIP** | **# Shares/ Face Value** |
| Allied Capital Corp. | 5/26/2005 | 01903Q108 | 4,000 | 01903Q1085 | 4,000 | 01903Q108 | 4,000 |
| Citigroup Capital VII 7.125 (INT) PFD | 4/26/2006 | 17306N203 | 2,000 | 17306N2036 | 2,000 | 17306N203 | 2,000 |
| Ford Motor Credit Co | 6/8/2005 | 345390843 | 100,000 | 34539CB431 | 100,000 | 345390843 | 100,000 |
| HSBC Finance Corp. 6.36% PFD | 6/23/2005 | 40429C607 | 6,000 | 40429C6075 | 6,000 | 40429C607 | 6,000 |
| NFJ DVD Interest & Stratergy Fund | 6/30/2005 | 65337H109 | 4,500 | 65337H1095 | 45000 | 65337H109 | 45000 |

* Copies of Purchase Confirmations are attached hereto

HCFP/BRENNER
SECURITIES

OFFICE SERVICING YOUR ACCOUNT
888 7th Ave. - 17th Floor
New York, NY 10106-1799
(212) 707-0310
Fax: (212) 707-0459

CLEARANCE AGENT
Bear, Stearns Securities Corp.
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

SST FOUNDATION
C/O FRED J. KLAUS
SAELISTRASSE 57
CH-5012 SCHOENENWERD
SWITZERLAND

| | |
|---|---|
| Processing Date | **5/23/05** |
| Account Number | **910-40805 701** |
| Registered Representative | **STEVEN SHAFFER** |
| | **(212) 707-0450** |

Page 1 of 1

## CONFIRMATION

**WE ARE PLEASED TO CONFIRM THE FOLLOWING TRANSACTION(S)**

**EQUITIES AND OPTIONS**

| Trade Date | Settlement Date | Bought/ Sold | Description | Symbol/ CUSIP | Quantity | Price | Money Type | Money Amount | Type | MC | Trade Number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/23/05 | 05/26/05 | Bought | **ALLIED CAPITAL CORP NEW** UNSOLICITED | ALD 01903Q108 | 4,000 | 27.25 | Principal | 109,000.00 | Cash | 11 | 19096 |
| | | | | | | | Commission | 320.00 | | | |
| | | | | | | | Service Chg | 3.00 | | | |
| | | | | | | | NET AMOUNT | 109,323.00 | | | |

**Please address all communications to the firm and not to individuals and kindly mention your account number.**

027 026962 PBA 000001 001010 001 001 C FO AFPPRINT 05 23 05 21 53 1.75

**HCFP/BRENNER**
S E C U R I T I E S
**P.O. Box 29186**
**Brooklyn, NY 11202-9186**
**Address Service Requested**

010/

**SST FOUNDATION**
C/O FRED J. KLAUS
SAELISTRASSE 57
CH-5012 SCHOENENWERD
SWITZERLAND

## IT IS AGREED BETWEEN YOU AND BEAR STEARNS THAT:

1 Transactions are subject to the terms of any Customer Agreement between you and Bear Stearns and to the constitution, rules, by-laws, practices and interpretations of the exchange or market (and clearing house, if any) where executed, and of the National Association of Securities Dealers, Inc., and all applicable law

2 If required payment or delivery of securities is not made by settlement date, positions may be closed out and appropriate charges, including interest, may be made to your account

3 Until fully paid for, securities in a cash account, as defined by Regulation T of the Federal Reserve Board, may be hypothecated under circumstances which permit commingling thereof with securities of other customers

4 The name of the party from or to whom the securities were purchased or sold for you, and the time when the transaction took place will be furnished upon your request

5 With respect to transactions involving an offering of securities, the underwriters may over-allot or effect transactions which stabilize or maintain the market price of such securities at a level above that which might otherwise prevail in the open market Such stabilizing, if commenced, may be discontinued at any time

6 If this transaction is a when, as and if issued trade upon determination of settlement date you will receive a final confirmation showing the settlement date and the total proceeds or cost credited or debited to your account on said date

7 Bear Stearns shall have a continuing lien and security in all your property in whatever form now or hereafter held by it as security for the payment of all your obligations and liabilities to Bear Stearns, whenever incurred In the event of a breach or default hereunder, Bear Stearns shall have all rights and remedies available to a secured creditor under the Uniform Commercial Code as then in effect in New York in addition to rights and remedies provided herein or otherwise by law

8 Any repudiation, breach or default hereunder shall constitute at Bear Stearns' election a default under all other agreements or confirmations between us Upon any repudiation, breach or default, Bear Stearns shall be entitled, without limiting other rights or remedies it may have, to liquidate, hedge or offset your obligation by sale of property in your account(s), purchase of property, cancellation of transactions, and or offset against other accounts you may have at Bear Stearns or obligations of Bear Stearns to you Purchases or sales may be public or private, and may be made without notice and in such manner as Bear Stearns may in its discretion determine You shall remain liable for any balance due and any loss incurred by Bear Stearns in acting pursuant hereto

9 Default hereunder shall include but not be limited to the occurrence of the following the filing of a petition in bankruptcy or for the appointment of a receiver by or against you, the making of any assignment for the benefit of creditors your default or breach under any other agreement or confirmation, whenever entered into, between you and Bear Stearns your death, mental incompetence or dissolution, your inability to provide, within three or fewer business days as Bear Stearns deems reasonable under the circumstances, adequate assurance of due performance upon demand therefor in the event reasonable grounds for Bear Stearns' insecurity in respect thereof arises, which reasonable grounds shall include but not be limited to (a) your failure to perform or admission of inability to perform when performance is due on any transaction with any financial institution, (b) your default as principal, guarantor or surety in the performance of any material contract or in the payment of any principal or interest on any indebtedness or in the performance or compliance with any substantial agreement, which default shall have continued beyond any applicable period of grace which with respect to a default on indebtedness would permit acceleration of principal payment (c) your acknowledgment or indication in any financial statement that you have a negative net worth, or are insolvent or are not paying or are unable to pay your debts as they become due

10 No waiver notice, demand or forbearance on the part of Bear Stearns shall be deemed continuing If any provisions herein are or become inconsistent with any law, rule or regulation, such provision shall be deemed to be rescinded or modified accordingly and in all other respects this confirmation shall not be affected

11 Monthly Account Statements shall be considered accepted and approved by you absent written notice of objection within ten days after receipt

12 In the event of any inconsistency with any other agreement concerning the transaction to which this confirmation relates, the terms of this confirmation shall apply

13 This confirmation shall be governed by New York law

14 American style short option positions are liable for assignment at any time European style short options are subject to assignment only at expiration

15 The "Fee" collected is intended to offset fees charged by various regulatory bodies The amount collected may be more or less than the amount ultimately paid to the various regulatory bodies In the event of the former, no reimbursement will be distributed back to you and, in the event of the latter, there will be no additional charge made to you

## IF SECURITIES TRANSACTION

TYPE OF ACCOUNT

1 Cash
2 Margin
3 Income
5 Short account
6 SPL Subscription
8 Non Securities Credit
9 Delivery versus Payment

M - Market

1 New York Stock Exchange, Inc
2 American Stock Exchange, Inc
3 Other U S Registered Equity Exchanges (name on request)
4 Mutual Funds or Others
5 U S Registered Option Exchanges (name on request)
6 Over-the-Counter or Canadian Exchanges
7 Underwriting and Governments
8 Foreign Exchange (other than Canadian) or Over-the-Counter
9 Other

C – UNLESS SPECIFIED IN WRITING TO THE CONTRARY ON THE FRONT OF THIS CONFIRMATION, CAPACITY IN WHICH BEAR STEARNS OR YOUR BROKER IS ACTING

1, 2, 3, 4, 5, 8, and 9 Bear Stearns or the Broker as indicated on the face hereof has acted as broker for your account unless otherwise indicated

6 Bear, Stearns or your Broker as indicated on the face hereof, has acted as Broker for both buyer and seller, charging a commission to both parties The source and amount of other commissions charged will be furnished on request

7 Bear, Stearns or your Broker as indicated on the face hereof, acting as principal, has sold to or bought from you and has charged a markup when acting as seller and a markdown when acting as buyer

S – Bear Stearns may be associated with the specialist in the common stock or options of the subject security, and such specialist may have a position (long or short) and may be on the opposite side of public orders in such common stock or options

T – Your introducing broker receives compensation for directing customer orders for equity securities The source and nature of such compensation received on this transaction, if any, will be furnished to you upon written request

This statement is computed for payment in New York funds on settlement date If payment is made at a later date, additional interest to date of payment may be charged Name of contra-broker and time of execution furnished on request If the Securities represent an interest in or are secured by a pool of receivables or other financial assets (the "Assets") that are subject to continuous prepayment, their actual yield may vary according to the rate of prepayment of the Assets Information concerning the factors that affect yield will be furnished upon written request

Bear Stearns or an affiliate may act as the Specialist, Primary Market Maker or Competitive Market Maker in option trades executed on an options exchange, and may have a position (long or short) in such securities and may be on the opposite side of public orders executed in such securities

U – You may be eligible for breakpoint discounts based on the size of your purchase, current holdings or future purchases The sales charge you paid may differ slightly from the Prospectus disclosed rate due to rounding calculations Please refer to the Prospectus, Statement of Additional Information or contact your financial advisor for further information

## IF CALLABLE MUNICIPAL OR OTHER CALLABLE DEBT SECURITY TRANSACTION

May be subject to call in whole or in part before maturity, on and after the displayed call date On municipal securities, and in other debt transactions, call features may affect yield Additional information available upon request to your broker

In the event that a referenced code on the back of this confirmation is inconsistent with wording on the front of this confirmation, the language on the front of the confirmation shall control

Rev. [illegible]

BEAR STEARNS

OFFICE SERVICING YOUR ACCOUNT
Bear, Stearns & Co. Inc.
One Federal Street
Boston, Mass. 02110 -2082
(617) 654 -2800

CLEARED THROUGH ITS WHOLLY OWNED SUBSIDIARY
**Bear, Stearns Securities Corp.**
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

SST FOUNDATION
C/O FRED J. KLAUS
SAELISTRASSE 57
SCHOENENWERD CH-5012
SWITZERLAND

Processing Date: **4/25/06**
Account Number: **920 -06782 T23**
Account Executive: **WINTER, MICHAEL (617) 654 -2348**

Page 1 of 1

## CONFIRMATION

**WE ARE PLEASED TO CONFIRM THE FOLLOWING TRANSACTION(S)**

### EQUITIES AND OPTIONS

| Trade Date | Settlement Date | Bought/ Sold | Description | Symbol/ CUSIP | Quantity | Price | Money Type | Money Amount | Type | C | Trade Number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/25/06 | 04/28/06 | Bought | **CITIGROUP CAPITAL VII** 7.125 TR PFD SECS(TRUPS) DUE 7/31/31 B/E 07/19/01 DATED DATE SEE NOTE "S" ON BACK REPORTEDPRICE 25.350000 DIFFERENCE + 0.100000 | CPRV 17306N203 | 2,000 | 25.45 | Principal | 50,900.00 | Cash | 7 | A9657 |
| | | | | | | | Service Chg | 5.00 | | | |
| | | | | | | | NET AMOUNT | 50,905.00 | | | |
| 04/25/06 | 04/28/06 | Bought | *****DIANA SHIPPING INC** SOLICITED | DSX Y2066G104 | 1,000 | 11.74 | Principal | 11,740.00 | Cash | 1 | 03734 |
| | | | | | | | Commission | 120.00 | | | |
| | | | | | | | Service Chg | 5.00 | | | |
| | | | | | | | Net Amount | 11,865.00 | | | |
| | | | | | 1,000 | 11.76 | Principal | 11,760.00 | Cash | 1 | 03735 |
| | | | | | | | Commission | 120.00 | | | |
| | | | | | | | Net Amount | 11,880.00 | | | |
| | | | | | 2,000 | | TOTAL | 23,745.00 | | | |
| 04/25/06 | 04/28/06 | Bought | **FLEETCAPITAL TR VII** 7.20% CAP SECS DUE 12/15/2031 BOOK ENTRY 09/10/01 DATED DATE REPORTEDPRICE 25.180000 DIFFERENCE + 0.120000 | FBFPRL 33889V207 | 2,000 | 25.30 | Principal | 50,600.00 | Cash | 7 | A9777 |
| | | | | | | | Service Chg | 5.00 | | | |
| | | | | | | | NET AMOUNT | 50,605.00 | | | |

HCFP/BRENNER
SECURITIES

OFFICE SERVICING YOUR ACCOUNT
888 7th Ave. - 17th Floor
New York, NY 10106-1799
(212) 707-0310
Fax: (212) 707-0459

CLEARANCE AGENT
**Bear, Stearns Securities Corp.**
**One Metrotech Center North**
**Brooklyn, New York 11201-3859**
**(212) 272-1000**

SST FOUNDATION
C/O FRED J. KLAUS
SAELISTRASSE 57
CH-5012 SCHOENENWERD
SWITZERLAND

| | |
|---|---|
| Processing Date | **6/7/05** |
| Account Number | **910-40805 701** |
| Registered Representative | **STEVEN SHAFFER** |
| | **(212) 707-0450** |

Page 2 of 2

**FIXED INCOME**
**(continued)**

| Trade Date | Settlement Date | Bought/ Sold | Description | Symbol/ CUSIP | Quantity | Price | Money Type | Money Amount | Type | MC | Trade Number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/03/05 As of Trade | 06/08/05 | Bought | **FORD MOTOR CREDIT CO** CONTINUOUSLY OFFERED BDS RETAIL ACCOUNTS DUE 10/20/2008 07.500% INTEREST DATES MAR,JUN,SEP,DEC 06/08/05 DATED DATE UNSOLICITED YOUR BROKER WAS YOUR AGENT AND BEAR STEARNS AS PRINCIPAL. COMPENSATION DETAILS UPON WRITTEN REQUEST TO YOUR BROKER PROSPECTUS UNDER SEPARATE MAIL AS OF 06/03/05 BOOK ENTRY FORM ONLY AVAILABLE FIRST COUPON DATE 09/20/05 YIELD 7.500 % TO PAR CALL CALLABLE 06/20/06 AT 100.000 | 34539CB43 | 100,000 | 100.00 | Principal NET AMOUNT | 100,000.00 100,000.00 | Cash | 77 | 44553 |

HCFP/BRENNER
SECURITIES

OFFICE SERVICING YOUR ACCOUNT
888 7th Ave. - 17th Floor
New York, NY 10106-1799
(212) 707-0310
Fax: (212) 707-0459

CLEARANCE AGENT
**Bear, Stearns Securities Corp.**
**One Metrotech Center North**
**Brooklyn, New York 11201-3859**
**(212) 272-1000**

SST FOUNDATION
C/O FRED J. KLAUS
SAELISTRASSE 57
CH-5012 SCHOENENWERD
SWITZERLAND

Processing Date **6/16/05**
Account Number **910-40805 701**
Registered Representative **STEVEN SHAFFER**
**(212) 707-0450**

Page 1 of 1

## CONFIRMATION

**WE ARE PLEASED TO CONFIRM THE FOLLOWING TRANSACTION(S)**

**EQUITIES AND OPTIONS**

| Trade Date | Settlement Date | Bought/ Sold | Description | Symbol/ CUSIP | Quantity | Price | Money Type | Money Amount | Type | MC | Trade Number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/15/05 As of Trade | 06/23/05 | Bought | **HSBC FINANCE CORPORATION** 6.36% DEP SHS REPTSG 1/40 PFD SER B UNSOLICITED PROSPECTUS UNDER SEPARATE MAIL AS OF 06/15/05 | 40429C607 | 6,000 | 25.00 | Principal<br>NET AMOUNT | 150,000.00<br>150,000.00 | Cash | 77 | 26509 |

**Please address all communications to the firm and not to individuals and kindly mention your account number.**

027 029930 PBA 000001 001053 001/001 CFO AFPPRINT 06 16 05 22:14 1/6

**HCFP/BRENNER**
**SECURITIES**
**P.O. Box 29186**
**Brooklyn, NY 11202-9186**
**Address Service Requested**

**SST FOUNDATION**
C/O FRED J. KLAUS
SAELISTRASSE 57
CH-5012 SCHOENENWERD
SWITZERLAND

001053

## IT IS AGREED BETWEEN YOU AND BEAR STEARNS THAT:

1 Transactions are subject to the terms of any Customer Agreement between you and Bear Stearns and to the constitution, rules, by-laws, practices and interpretations of the exchange or market (and clearing house, if any) where executed, and of the National Association of Securities Dealers, Inc., and all applicable law

2 If required payment or delivery of securities is not made by settlement date, positions may be closed out and appropriate charges, including interest, may be made to your account

3 Until fully paid for, securities in a cash account, as defined by Regulation T of the Federal Reserve Board, may be hypothecated under circumstances which permit commingling thereof with securities of other customers

4 The name of the party from or to whom the securities were purchased or sold for you, and the time when the transaction took place will be furnished upon your request

5 With respect to transactions involving an offering of securities, the underwriters may over-allot or effect transactions which stabilize or maintain the market price of such securities at a level above that which might otherwise prevail in the open market. Such stabilizing, if commenced, may be discontinued at any time

6 If this transaction is a when, as and if issued trade, upon determination of settlement date you will receive a final confirmation showing the settlement date and the total proceeds or cost credited or debited to your account on said date

7 Bear Stearns shall have a continuing lien and security in all your property in whatever form now or hereafter held by it as security for the payment of all your obligations and liabilities to Bear Stearns, whenever incurred. In the event of a breach or default hereunder, Bear Stearns shall have all rights and remedies available to a secured creditor under the Uniform Commercial Code as then in effect in New York in addition to rights and remedies provided herein or otherwise by law

8 Any repudiation, breach or default hereunder shall constitute at Bear Stearns' election a default under all other agreements or confirmations between us. Upon any repudiation, breach or default, Bear Stearns shall be entitled, without limiting other rights or remedies it may have, to liquidate, hedge or offset your obligation by sale of property in your account(s), purchase of property, cancellation of transactions, and or offset against other accounts you may have at Bear Stearns or obligations of Bear Stearns to you. Purchases or sales may be public or private and may be made without notice and in such manner as Bear Stearns may in its discretion determine. You shall remain liable for any balance due and any loss incurred by Bear Stearns in acting pursuant hereto

9 Default hereunder shall include but not be limited to the occurrence of the following: the filing of a petition in bankruptcy or for the appointment of a receiver by or against you, the making of any assignment for the benefit of creditors, your default or breach under any other agreement or confirmation, whenever entered into, between you and Bear Stearns, your death, mental incompetence or dissolution, your inability to provide, within three or fewer business days as Bear Stearns deems reasonable under the circumstances, adequate assurance of due performance upon demand therefor in the event reasonable grounds for Bear Stearns' insecurity in respect thereof arises, which reasonable grounds shall include but not be limited to (a) your failure to perform or admission of inability to perform when performance is due on any transaction with any financial institution, (b) your default as principal, guarantor or surety in the performance of any material contract or in the payment of any principal or interest on any indebtedness or in the performance or compliance with any substantial agreement, which default shall have continued beyond any applicable period of grace which with respect to a default on indebtedness would permit acceleration of principal payment, (c) your acknowledgment or indication in any financial statement that you have a negative net worth, or are insolvent or are not paying or are unable to pay your debts as they become due

10 No waiver, notice, demand or forbearance on the part of Bear Stearns shall be deemed continuing. If any provisions herein are or become inconsistent with any law, rule or regulation, such provision shall be deemed to be rescinded or modified accordingly and in all other respects this confirmation shall not be affected

11 Monthly Account Statements shall be considered accepted and approved by you absent written notice of objection within ten days after receipt

12 In the event of any inconsistency with any other agreement concerning the transaction to which this confirmation relates, the terms of this confirmation shall apply

13 This confirmation shall be governed by New York law

14 American style short option positions are liable for assignment at any time. European style short options are subject to assignment only at expiration

15 The "Fee" collected is intended to offset fees charged by various regulatory bodies. The amount collected may be more or less than the amount ultimately paid to the various regulatory bodies. In the event of the former, no reimbursement will be distributed back to you and, in the event of the latter, there will be no additional charge made to you

## IF SECURITIES TRANSACTION

TYPE OF ACCOUNT

- 1 Cash
- 2 Margin
- 3 Income
- 5 Short account
- 6 SPL Subscription
- 8 Non Securities Credit
- 9 Delivery versus Payment

M - Market

- 1 New York Stock Exchange, Inc
- 2 American Stock Exchange, Inc
- 3 Other U S Registered Equity Exchanges (name on request)
- 4 Mutual Funds or Others
- 5 U S Registered Option Exchanges (name on request)
- 6 Over-the-Counter or Canadian Exchanges
- 7 Underwriting and Governments
- 8 Foreign Exchange (other than Canadian) or Over-the-Counter
- 9 Other

C – UNLESS SPECIFIED IN WRITING TO THE CONTRARY ON THE FRONT OF THIS CONFIRMATION, CAPACITY IN WHICH BEAR STEARNS OR YOUR BROKER IS ACTING

1, 2, 3, 4, 5, 8, and 9 Bear Stearns or the Broker as indicated on the face hereof has acted as broker for your account unless otherwise indicated

6 Bear Stearns or your Broker as indicated on the face hereof, has acted as Broker for both buyer and seller, charging a commission to both parties. The source and amount of other commissions charged will be furnished on request

7 Bear Stearns or your Broker as indicated on the face hereof, acting as principal, has sold to or bought from you and has charged a markup when acting as seller and a markdown when acting as buyer

S – Bear Stearns may be associated with the specialist in the common stock or options of the subject security, and such specialist may have a position (long or short) and may be on the opposite side of public orders in such common stock or options

T – Your introducing broker receives compensation for directing customer orders for equity securities. The source and nature of such compensation received on this transaction, if any, will be furnished to you upon written request

This statement is computed for payment in New York funds on settlement date. If payment is made at a later date, additional interest to date of payment may be charged. Name of contra-broker and time of execution furnished on request. If the Securities represent an interest in or are secured by a pool of receivables or other financial assets (the "Assets") that are subject to continuous prepayment, their actual yield may vary according to the rate of prepayment of the Assets. Information concerning the factors that affect yield will be furnished upon written request

Bear Stearns or an affiliate may act as the Specialist, Primary Market Maker or Competitive Market Maker in option trades executed on an options exchange, and may have a position (long or short) in such securities and may be on the opposite side of public orders executed in such securities

U – You may be eligible for breakpoint discounts based on the size of your purchase, current holdings or future purchases. The sales charge you paid may differ slightly from the Prospectus disclosed rate due to rounding calculations. Please refer to the Prospectus, Statement of Additional Information or contact your financial advisor for further information

## IF CALLABLE MUNICIPAL OR OTHER CALLABLE DEBT SECURITY TRANSACTION

May be subject to call in whole or in part before maturity, on and after the displayed call date. On municipal securities, and all other debt transactions, call features may affect yield. Additional information available upon request to your broker

In the event that a referenced code on the back of this confirmation is inconsistent with wording on the front of this confirmation, the language on the front of the confirmation shall control

027 029931 PBA 000001 001053 001 001 CFO AFPPRINT 06 16.05:22:14 126

# HCFP/BRENNER SECURITIES

OFFICE SERVICING YOUR ACCOUNT
888 7th Ave. 17th Floor
New York, NY 10106-1799
(212) 707-0310
Fax: (212) 707-0459

CLEARANCE AGENT
Bear, Stearns Securities Corp
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

SST FOUNDATION
C/O FRED J. KLAUS
SAELISTRASSE 57
CH-5012 SCHOENENWERD
SWITZERLAND

| | |
|---|---|
| Processing Date | 6/27/05 |
| Account Number | 910-40805 701 |
| Registered Representative | STEVEN SHAFFER<br>(212) 707-0450 |

Page 1 of 1

## CONFIRMATION

WE ARE PLEASED TO CONFIRM THE FOLLOWING TRANSACTION(S)

### EQUITIES AND OPTIONS

| Trade Date | Settlement Date | Bought/Sold | Description | Symbol/CUSIP | Quantity | Price | Money Type | Money Amount | Type | MC | Trade Number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/27/05 | 06/30/05 | Bought | NFJ DIVID INT & PREM STRATEGY FD<br>AVG PRICE SHOWN DETAILS ON REQ<br>ACTUAL CONFIRM TO YOUR AGENT<br>UNSOLICITED | NFJ<br>65337H109 | 4,500 | 23.1233 | Principal | 104,054.85 | Cash | 18 | 65051 |
| | | | | | | | Commission | 450.00 | | | |
| | | | | | | | Service Chg | 3.00 | | | |
| | | | | | | | NET AMOUNT | 104,507.85 | | | |

Please address all communications to the firm and not to individuals and kindly mention your account number.

**HCFP/BRENNER**
**S E C U R I T I E S**
**P.O. Box 29186**
**Brooklyn, NY 11202-9186**
**Address Service Requested**

**SST FOUNDATION**
C/O FRED J. KLAUS
SAELISTRASSE 57
CH-5012 SCHOENENWERD
SWITZERLAND

001048

## IT IS AGREED BETWEEN YOU AND BEAR STEARNS THAT:

1 Transactions are subject to the terms of any Customer Agreement between you and Bear Stearns and to the constitution, rules, by-laws, practices and interpretations of the exchange or market (and clearing house, if any) where executed, and of the National Association of Securities Dealers, Inc., and all applicable law

2 If required payment or delivery of securities is not made by settlement date, positions may be closed out and appropriate charges, including interest, may be made to your account

3 Until fully paid for, securities in a cash account, as defined by Regulation T of the Federal Reserve Board, may be hypothecated under circumstances which permit commingling thereof with securities of other customers

4 The name of the party from or to whom the securities were purchased or sold for you, and the time when the transaction took place will be furnished upon your request

5 With respect to transactions involving an offering of securities, the underwriters may over-allot or effect transactions which stabilize or maintain the market price of such securities at a level above that which might otherwise prevail in the open market Such stabilizing, if commenced, may be discontinued at any time

6 If this transaction is a when, as and if issued trade, upon determination of settlement date you will receive a final confirmation showing the settlement date and the total proceeds or cost credited or debited to your account on said date

7 Bear Stearns shall have a continuing lien and security in all your property in whatever form now or hereafter held by it as security for the payment of all your obligations and liabilities to Bear Stearns, whenever incurred In the event of a breach or default hereunder, Bear Stearns shall have all rights and remedies available to a secured creditor under the Uniform Commercial Code as then in effect in New York in addition to rights and remedies provided herein or otherwise by law

8 Any repudiation, breach or default hereunder shall constitute at Bear Stearns' election a default under all other agreements or confirmations between us Upon any repudiation, breach or default, Bear Stearns shall be entitled, without limiting other rights or remedies it may have, to liquidate, hedge or offset your obligation by sale of property in your account(s), purchase of property, cancellation of transactions, and or offset against other accounts you may have at Bear Stearns or obligations of Bear Stearns to you Purchases or sales may be public or private, and may be made without notice and in such manner as Bear Stearns may in its discretion determine You shall remain liable for any balance due and any loss incurred by Bear Stearns in acting pursuant hereto

9 Default hereunder shall include but not be limited to the occurrence of the following the filing of a petition in bankruptcy or for the appointment of a receiver by or against you, the making of any assignment for the benefit of creditors your default or breach under any other agreement or confirmation, whenever entered into, between you and Bear Stearns, your death, mental incompetence or dissolution, your inability to provide, within three or fewer business days as Bear Stearns deems reasonable under the circumstances, adequate assurance of due performance upon demand therefor in the event reasonable grounds for Bear Stearns' insecurity in respect thereof arises, which reasonable grounds shall include but not be limited to (a) your failure to perform or admission of inability to perform when performance is due on any transaction with any financial institution, (b) your default as principal, guarantor or surety in the performance of any material contract or in the payment of any principal or interest on any indebtedness or in the performance or compliance with any substantial agreement, which default shall have continued beyond any applicable period of grace which with respect to a default on indebtedness would permit acceleration of principal payment (c) your acknowledgment or indication in any financial statement that you have a negative net worth, or are insolvent or are not paying or are unable to pay your debts as they become due

10 No waiver, notice, demand or forbearance on the part of Bear Stearns shall be deemed continuing If any provisions herein are or become inconsistent with any law, rule or regulation, such provision shall be deemed to be rescinded or modified accordingly and in all other respects this confirmation shall not be affected

11 Monthly Account Statements shall be considered accepted and approved by you absent written notice of objection within ten days after receipt

12 In the event of any inconsistency with any other agreement concerning the transaction to which this confirmation relates, the terms of this confirmation shall apply

13 This confirmation shall be governed by New York law

14 American style short option positions are liable for assignment at any time European style short options are subject to assignment only at expiration

15 The "Fee" collected is intended to offset fees charged by various regulatory bodies The amount collected may be more or less than the amount ultimately paid to the various regulatory bodies In the event of the former, no reimbursement will be distributed back to you and, in the event of the latter, there will be no additional charge made to you

## IF SECURITIES TRANSACTION

TYPE OF ACCOUNT

1 Cash
2 Margin
3 Income
5 Short account
6 SPL Subscription
8 Non Securities Credit
9 Delivery versus Payment

M - Market

1 New York Stock Exchange, Inc
2 American Stock Exchange, Inc
3 Other U S Registered Equity Exchanges (name on request)
4 Mutual Funds or Others
5 U S Registered Option Exchanges (name on request)
6 Over-the-Counter or Canadian Exchanges
7 Underwriting and Governments
8 Foreign Exchange (other than Canadian) or Over-the-Counter
9 Other

C – UNLESS SPECIFIED IN WRITING TO THE CONTRARY ON THE FRONT OF THIS CONFIRMATION, CAPACITY IN WHICH BEAR STEARNS OR YOUR BROKER IS ACTING

1, 2, 3, 4, 5, 8, and 9 Bear Stearns or the Broker as indicated on the face hereof has acted as broker for your account unless otherwise indicated

6 Bear, Stearns or your Broker as indicated on the face hereof, has acted as Broker for both buyer and seller, charging a commission to both parties The source and amount of other commissions charged will be furnished on request

7 Bear, Stearns or your Broker as indicated on the face hereof, acting as principal, has sold to or bought from you and has charged a markup when acting as seller and a markdown when acting as buyer

S – Bear Stearns may be associated with the specialist in the common stock or options of the subject security, and such specialist may have a position (long or short) and may be on the opposite side of public orders in such common stock or options

T – Your introducing broker receives compensation for directing customer orders for equity securities The source and nature of such compensation received on this transaction, if any, will be furnished to you upon written request

This statement is computed for payment in New York funds on settlement date If payment is made at a later date, additional interest to date of payment may be charged Name of contra-broker and time of execution furnished on request If the Securities represent an interest in or are secured by a pool of receivables or other financial assets (the "Assets") that are subject to continuous prepayment, their actual yield may vary according to the rate of prepayment of the Assets Information concerning the factors that affect yield will be furnished upon written request

Bear Stearns or an affiliate may act as the Specialist, Primary Market Maker or Competitive Market Maker in option trades executed on an options exchange, and may have a position (long or short) in such securities and may be on the opposite side of public orders executed in such securities

U – You may be eligible for breakpoint discounts based on the size of your purchase, current holdings or future purchases The sales charge you paid may differ slightly from the Prospectus disclosed rate due to rounding calculations Please refer to the Prospectus, Statement of Additional Information or contact your financial advisor for further information

## IF CALLABLE MUNICIPAL OR OTHER CALLABLE DEBT SECURITY TRANSACTION

May be subject to call in whole or in part before maturity, on and after the displayed call date On municipal securities, and all other debt transactions, call features may affect yield Additional information available upon request to your broker

In the event that a referenced code on the back of this confirmation is inconsistent with wording on the front of this confirmation, the language on the front of the confirmation shall control

Rev. [illegible]