Duval & Stachenfeld LLP
Attorneys for Swiss American Securities Inc.
By: Allan N. Taffet, Esq. (AT-5181)
Timothy J. Pastore, Esq. (TP-1827)
300 East 42nd Street
New York, New York 10017
Tel. No.: (212) 883-1700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
:
SST FOUNDATION,                         :
                                        :
            Plaintiff,                  :   07 Civ. 4758 (SAS)
                                        :
    - against -                         :
                                        :
CREDIT SUISSE, SUISSE AMERICAN SECURITIES, :
INC. and NEW YORK STATE DEPARTMENT OF   :
TAXATION,                               :
                                        :
            Defendants.                 :
_____ :

## DEFENDANT SWISS AMERICAN SECURITIES INC.'S ANSWER

Defendant Swiss American Securities Inc. ("SASI"), by its attorneys, Duval & Stachenfeld LLP, answers the Complaint (the "Complaint") as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 4, 7-10, 21, 27 and 44 of the Complaint.

2. With respect to the allegations contained in paragraph 2 of the Complaint, SASI admits only that Credit Suisse is organized under the laws of Switzerland and denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Admits the allegations contained in paragraph 3 of the Complaint.

4. With respect to the allegations contained in paragraphs 5, 6, 38 and 45 of the Complaint, SASI states that the allegations constitute legal characterizations to which no

responses are required; to the extent responses are required, SASI denies the allegations contained in paragraphs 5, 6, 38 and 45 of the Complaint.

5. With respect to the allegations contained in paragraph 11 of the Complaint, SASI respectfully refers the Court to the exhibit referred to therein for the true and correct contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

6. With respect to the allegations contained in paragraph 12 of the Complaint, SASI respectfully refers the Court to the exhibit referred to therein for the true and correct contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

7. With respect to the allegations contained in paragraph 13 of the Complaint, SASI respectfully refers the Court to the exhibit referred to therein for the true and correct contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

8. With respect to the allegations contained in paragraph 14 of the Complaint, SASI respectfully refers the Court to the exhibit referred to therein for the true and correct contents thereof.

9. With respect to the allegations contained in paragraph 15 of the Complaint, SASI denies knowledge or information sufficient to form a belief as to the truth of the allegations against Credit Suisse contained in paragraph 15 of the Complaint, and admits only that, upon receipt of the levy, it did not immediately notify SST.

10. With respect to the allegations contained in paragraph 16 of the Complaint, SASI respectfully refers the Court to the exhibit referred to therein for the true and correct contents

thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

11. With respect to the allegations contained in paragraph 17 of the Complaint, SASI respectfully refers the Court to the exhibit referred to therein for the true and correct contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

12. With respect to the allegations contained in paragraph 18 of the Complaint, SASI admits only that it received a letter from counsel for SST, dated February 20, 2007, and respectfully refers the Court to that letter for the true and correct contents thereof. SASI otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

13. With respect to the allegations contained in paragraph 19 of the Complaint, SASI respectfully refers the Court to the demand and the exhibit referred to therein for the true and correct contents thereof, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

14. With respect to the allegations contained in paragraph 20 of the Complaint, SASI admits only that it honored a levy duly served on it by the New York State Department of Taxation and Finance, and further states that whether it is obligated in any way to SST constitutes a legal characterization to which no response is required; to the extent a response is required, SASI denies the allegations contained in paragraph 20 of the Complaint.

15. Denies the allegations contained in paragraphs 22-25, 29, 30, 31, 34-36, 39-41 and 46 of the Complaint.

16. With respect to the allegations contained in paragraphs 26, 32, 37 and 42 of the

Complaint, SASI incorporates by reference its responses to each of the above paragraphs as if fully set forth herein.

17.     With respect to the allegations contained in paragraph 28 of the Complaint, SASI respectfully refers the Court to the account statement referred to therein for the true and correct contents thereof.  SASI denies knowledge or information as to when SST knew that SASI had honored the levy.  SASI admits only that it honored a levy duly served on it by the New York State Department of Taxation and Finance.

18.     With respect to the allegations contained in paragraph 43 of the Complaint, SASI respectfully refers the Court to the levy referred to therein for the true and correct contents thereof.

### FIRST AFFIRMATIVE DEFENSE

19.     Plaintiffs' claims fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

20.     Plaintiffs failed to name indispensable parties (Donald Kalfin and/or Cecile Kalfin) pursuant to Rule 19 of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

21.     Plaintiffs' claims are barred, in whole or in part, by laches, estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

22.     Plaintiffs' claims are barred, in whole or in part, because any claims or damages asserted by plaintiff are the result of acts or omissions of third-parties or events over whom or which defendant has no control.

## FIFTH AFFIRMATIVE DEFENSE

23.     SASI is a mere stakeholder with respect to the assets that are the subject of the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

24.     In good faith, SASI honored a levy duly served on it by the New York State Department of Taxation and Finance.

## SEVENTH AFFIRMATIVE DEFENSE

25.     Plaintiff's exclusive remedy, if any, is as against the New York State Department of Taxation and Finance.


WHEREFORE, SASI respectfully requests that the Court:

    A.    Dismiss the Complaint with prejudice;

    B.    Award SASI its costs, disbursements and attorneys' fees; and

    C.    Grant such other and further relief as the Court deems just and proper.


Dated: New York, New York
       July 27, 2007

                                    Duval & Stachenfeld LLP
                                    Attorneys for Defendant
                                    Swiss American Securities Inc.


                            By:    /S/ Allan N. Taffet
                                    Allan N. Taffet, Esq. (AT-5181)
                                    Timothy J. Pastore, Esq. (TP-1827)
                                    300 East 42nd Street
                                    New York, New York 10017
                                    Tel. No.: (212) 883-1700